IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | CRIMINAL ACTION NO. |
| v.                          ) | 2:21cr335-MHT |
| ) | (WO) |
| WILLIE DOSS McLEAN          ) | |

**ORDER**

This cause is before the court on defendant Willie Doss McLean's unopposed motion to continue trial. Based on the representations made therein and for the reasons set forth below, the court finds that trial for McLean, now set for September 13, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

>  defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McLean in a speedy trial. Counsel for McLean has indicated that he requires more time to negotiate a settlement of this case, which

2

involves circumstances that occurred five years ago. Should the negotiations fall through, he will need to prepare for trial. The government does not oppose the requested trial continuance. The court therefore finds that a continuance of the trial is necessary to allow sufficient time for McLean to negotiate a settlement effectively and to prepare for trial if necessary.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Willie Doss McLean's motion to continue trial (Doc. 17) is granted.

(2) The jury selection and trial, now set for September 13, 2021, are reset for October 25, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(3) The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 19th day of August, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE