IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )      2:21cr335-MHT
                            )           (WO)
WILLIE DOSS McLEAN          )
```

## ORDER

Having reviewed the presentence report, and based on the representations made on the record during the hearing on March 17, 2022, the court will order a mental evaluation of defendant Willie Doss McLean for two distinct purposes.

I.

First, the court wishes to assure itself that McLean is competent to proceed. During the March 17 hearing, McLean admitted when questioned by the court that he did not understand that he would be facing a mandatory-minimum sentence of at least 15 years until well after he entered his guilty plea, and that he has some difficulty with reading comprehension and sometimes has to read a document more than once in an

effort to understand it.  The presentence investigation report states that McLean left school in the ninth grade and that, as a child, he received supplemental security income (SSI), which provides monthly payments to low-income adults and children who have disabilities.  He is unsure why he received SSI, but he also recalled taking the medication Thorazine as a child.  He also stated that he works at a Wendy's restaurant, but when asked what his job is at the restaurant, he seemed unable to name his position and instead stated that he does whatever he is told to do. Based on these factors, and on the court's observations of McLean, the court finds that there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  Accordingly, the court

2

is authorized to order an evaluation of McLean. *See id*. The court further finds that the evaluation should be performed on an outpatient rather than inpatient basis. *See* 18 U.S.C. § 4247(b) (for a competency evaluation, "the court *may* commit the person to be examined for a reasonable period, but not to exceed thirty days" (emphasis added)); *United States v. Neal*, 679 F.3d 737, 740–41 (8th Cir. 2012) (finding that, under 18 U.S.C. § 4247(b), a district court should order an outpatient evaluation of competency unless an inpatient evaluation is reasonably necessary to protect an important government interest).

## II.

The court also seeks an evaluation for purposes of sentencing.[1]  Having received the presentence report

---

1. While there is a chance that the court will not end up needing the sentencing evaluation if McLean is found incompetent and then cannot be restored to competency, it seems unlikely at this point that he could not be restored to competency if he is indeed

3

specified in subpart (a) of 18 U.S.C. § 3552, the court requires additional information before determining the sentence that should be imposed in this case. In such circumstances, subpart (b) of 18 U.S.C. § 3552 permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b); *see also* 18 U.S.C. § 3553(a).

In this case, the court requires additional information about McLean's mental condition to help in determining an appropriate sentence. Based on the presentence report and the sentencing memorandum filed

---

incompetent. Moreover, were he found to be competent, it would be inefficient and cause further delay to then order a separate evaluation for sentencing purposes. Finally, even if he were to be found incompetent and unrestorable, the treatment recommendations in the evaluation would likely be useful to consider in deciding whether to release him with certain conditions.

4

by defense counsel, it appears that McLean has a history of severe substance-abuse problems and perhaps other mental-health conditions. In addition, as discussed earlier, he may have cognitive limitations. All of these conditions may have impacted his decision-making at the time of his offense, which would be important to know as the court decides whether to give him a sentence above the mandatory minimum.[2] As part of this evaluation, the court also specifically requires information regarding any adverse childhood experiences (ACEs) he suffered, whether such ACEs contributed to any present mental-health issues, and if

---

2. The offense, in this case, is McLean's act of possessing a pistol and cocaine at the time of his August 2016 arrest. The presentence report also alleges that McLean shot into an occupied residence using an AK-style firearm in May 2016, killing a man named "D.K." He was acquitted of this shooting in state court, and it is not the offense in this case, although the court must decide whether it is relevant conduct under the sentencing guidelines.

so, whether any particular treatment is recommended to address these issues.

The court also seeks recommendations for specific treatment programs available in the Bureau of Prisons that McLean would benefit from in light of his mental condition, and as well as for the type of treatment and supportive services he should receive, if any, during his post-incarceration supervision. Finally, a determination of whether he had a substance-abuse disorder at the time of the offense is necessary for him to qualify for the Residential Drug Abuse Program (RDAP) provided by the Bureau of Prisons, which the court could recommend as part of its sentence. Therefore, the court requires an answer to that specific question.

In sum, the evaluator should provide a comprehensive mental-health evaluation addressing all aspects of McLean's mental condition. The court will order that a comprehensive evaluation of all of the

above be conducted by Jennifer Cox, Ph.D., of Tuscaloosa, Alabama.

To determine the sentence appropriate to a particular defendant, § 3553(a) requires a court to consider the factors set forth in that statutory section.  Section § 3553(a)(1) commands a sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  This court has previously found that the effect of substance-use disorders, other mental illnesses, and ACEs on a defendant's criminal conduct goes "squarely to the application of § 3553(a)(1)." *United States v. Carter*, 506 F. Supp. 3d 1204, 1212 (M.D. Ala. 2020)) (discussing relevance of ACEs to sentencing decision).  *See also, e.g., United States v. Mosley*, 277 F. Supp. 3d 1294 (M.D. Ala. 2017) (explaining why an evaluation of the defendant's substance-use disorder was necessary before determining the sentence); *United States v. Mosley*, 312 F. Supp. 3d

7

1289 (M.D. Ala. 2018) (considering defendant's substance-use disorder in determining the sentence). Inquiry into these issues is also "appropriate under § 3553(a)(5)," which asks the court to consider any pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence." *Id.* (quoting U.S.S.G. § 5H1.3).

This information may also be relevant to § 3553(a)(2)(B) and (C), subsections requiring consideration of the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes, because a sentence that does not address a defendant's substance-use disorders or other mental conditions or the ongoing effects of ACEs may do little to deter or prevent subsequent criminal activity if the defendant's conduct is driven

by substance abuse, mental illness, or other sequelae of childhood trauma. *See id.* And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition may be necessary for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by § 3553(a)(2)(D). Dr. Cox should consider all of these factors in making the recommendations included in her report.

As the funding source for competency evaluations differs from the source for evaluations for purposes of sentencing, Dr. Cox should, to the extent reasonably possible, keep track of the hours spent for each purpose.

***

Accordingly, it is ORDERED that:

(1) Pursuant to 18 U.S.C. § 4241(a) and (b), and § 4247(b) and (c), Dr. Jennifer Cox of Tuscaloosa,

9

Alabama, shall conduct a competency evaluation of defendant Willie Doss McLean and file a report of the evaluation with the court, per the instructions set forth below.

(2) Pursuant to 18 U.S.C. § 3552(b), Dr. Cox shall also conduct a comprehensive mental-health evaluation of defendant McLean for purposes of sentencing. This evaluation report should discuss defendant McLean's psychological history and any present symptoms, describe any psychiatric, psychological, and medical tests that were employed and their results, and explain Dr. Cox's findings, her opinions as to diagnosis and prognosis, whether defendant McLean had a substance-use disorder at the time of the offense (in this case, possessing a pistol and cocaine at the time of his August 2016 arrest), and how his mental condition may have impacted his decision-making and behavior at the time of the offense. As mentioned above, the evaluation should also include specific consideration

10

of whether defendant McLean experienced ACEs and their impact, if any, on his subsequent mental conditions and his actions at the time of the offense.  Dr. Cox should also provide specific recommendations for appropriate treatment and other supportive services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help defendant McLean become a productive and law-abiding citizen.  Dr. Cox should review the Federal Bureau of Prisons' Directory of National Programs to identify specific programs appropriate for defendant McLean.                                                     *See* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (discussing RDAP and other programs).

    (3) The U.S. Probation Office shall provide a copy of this order, defendant McLean's presentence investigation report, and the parties' sentencing memoranda to Dr. Cox, and shall provide other documents

11

regarding defendant McLean to Dr. Cox upon her request. The U.S. Probation Office shall inform Dr. Cox how to arrange for the evaluation of defendant McLean, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation. The probation office and Dr. Cox may obtain assistance from defendant McLean's defense counsel, Preston L. Presley.

(4) Dr. Cox shall also provide a report of the evaluation to the courtroom deputy, Anthony Green, at Anthony_Green@almd.uscourts.gov, and to the U.S. Probation Office on or before May 6, 2022, for filing with the court under seal. If Dr. Cox requires additional time, she should make a written request to the court through the U.S. Probation Office and courtroom deputy Green.

(5) Upon completion of the evaluation, Dr. Cox shall submit her bill for the sentencing evaluation to the U.S. Probation Office for processing and shall submit her bill for the competency evaluation to the

12

United States Attorney's Office.  She may submit one bill for both evaluations, so long as she makes clear how many hours were spent on the separate parts of the evaluation.

(6) Upon receipt of the report, the court will reset the case for sentencing.

DONE, this the 25th day of March, 2022.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**