IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr335-MHT |
| | ) | (WO) |
| WILLIE DOSS McLEAN | ) | |

OPINION AND ORDER

Defendant Willie Doss McLean was charged in a two-count indictment with one charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one charge of possession of a controlled substance in violation of 21 U.S.C. § 844(a).

The question before the court is whether McLean has the mental capacity to stand trial, that is, whether he has a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. *See* 18 U.S.C. § 4241(a). After an in-person hearing in March 2022, the court ordered clinical psychologist Dr. Jennifer Cox, Ph.D., to conduct a competency evaluation

of McLean. *See* Order (Doc. 67). This order observed that, "During the March 17 hearing, McLean admitted ... that he did not understand that he would be facing a mandatory-minimum sentence of at least 15 years until well after he entered his guilty plea, and that he has some difficulty with reading comprehension and sometimes has to read a document more than once in an effort to understand it." *Id*. at 1-2.

The psychological evaluation was performed by Dr. Cox on May 18, 2022, and her written report was filed under seal with the court. *See* Psych. Report (Doc. 74). Dr. Cox's report found, according to the Wechsler Adult Intelligence Scale, that "Mr. McLean's performance is consistent with general cognitive impairment, particularly regarding his ability to analyze visual/spatial information and process information." *Id.* at 2. She added: "Current testing data indicate Mr. McLean evinces Borderline intellectual functioning, which is generally consistent with his clinical presentation during the evaluation." *Id.* at 3.

Nonetheless, she concluded: "[A]t this time the data do not warrant a [DSM-V] diagnosis of intellectual disability.  However, should new data emerge, a reconsideration of this diagnosis may be warranted." *Id.*

Dr. Cox further concluded that "McLean has the present ability to understand the facts of the case and nature of the proceedings, appreciate the importance of these proceedings, and assist counsel in his defense." *Id.* at 4.  In support of this assessment, she noted that McLean "exhibited a factual understanding of the legal proceedings against him," "demonstrated reasoned and logical thought when discussing his case, as well as hypothetical questions related to his case," and "acknowledged appropriate courtroom behavior and affirmed his ability to actively and appropriately participate in legal proceedings." *Id.*

As to McLean's decision to plead guilty in the context of the mandatory-minimum sentence that his plea carries, Dr. Cox noted that McLean may have had a misimpression regarding the minimum sentence his plea

3

would entail. *See id.* She related: "When queried, Mr. McLean stated that he 'wouldn't have pled if (he) knew (the possible sentence was) 15 years.' When questioned regarding how he would have proceeded if he was aware of the potential sentence, Mr. McLean reason, 'I don't know ... maybe go to trial and I might (have) gotten more time.'" *Id.* However, while this alleged misimpression is concerning to the court, Dr. Cox's report does not connect it to any competency issue. She observed:

> "Regarding rational understanding, Mr. McLean denied any delusional beliefs regarding the court or the criminal charges against him. When prompted with a hypothetical plea bargain, he talked through his decision making process in a reasonable, logical manner. Although he acknowledged some distrust of the legal system, this distrust stemmed from his personal experiences and did not rise to the level as to impact his functioning in the current case."

*Id.*

Therefore, based on the contents of two in-person hearings in March 2022 and October 2022 and psychological report of Dr. Jennifer Cox, the court concludes pursuant to 18 U.S.C. § 4241(a) that McLean does not currently have a mental disease or defect such that he is unable

4

to understand the nature and consequences of the proceedings against him or to assist properly in his defense. However, this conclusion is reached with the caution and acknowledgment that McLean does have some significant cognitive impairment.

***

Accordingly, it is ORDERED that defendant Willie Doss McLean is declared mentally competent to stand trial in this case. However, this conclusion is reached with the caution and acknowledgment that defendant McLean does have some significant cognitive impairment.

DONE, this the 31st day of October, 2022.

                                  /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE